(No. 4640— )

HOWARD UNGER, d/b/a KANKAKEE WELDING AND SUPPLY, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed February 25, 1955.*

BUTZ, BLANKE AND STITH, Attorneys for Claimant.

LATHAM CASTLE, Attorney General; MARION G. TIERNAN, Assistant Attorney General, for Respondent.

WHAM, J.

Claimant, Howard Unger, doing business as Kankakee Welding and Supply, in his complaint alleges that at various and sundry times over a period of several years he has sold and delivered to the Kankakee State Hospital various orders for oxygen and acetylene, and other materials, and has performed certain welding and metal fabricating jobs, all of which materials and services were ordered by persons then in the employment of

said Kankakee State Hospital, for and to the account of said Kankakee State Hospital, and that there is now due and owing from the State of Illinois to claimant a total sum of $296.59.

The complaint sets forth the invoices and items, for which claimant contends he has not been paid, and for which he is now making claim, as follows:

(1) Invoice No. 69307 (dated May 28, 1953)
For: Three (3) Cylinders of Oxygen (244 Cu. Ft.)
Net Price _____$12.81
One (1) Cylinder of Acetylene (312 Cu. Ft.)
Net Price _____ 11.70

Cost _____$24.51
O. E. _____ .49

Total Cost _____ $25.00

(2) Invoice No. 68173 (dated May 8, 1953)
For: Three (3) Cylinders of Oxygen (244 Cu. Ft.)
Net Price _____$12.81
One (1) Cylinder of Acetylene (290 Cu. Ft.)
Net Price _____ 10.88

Cost _____$23.69
O. E. _____ .47

Total Cost _____ $24.16

(3) Invoice No. 66728 (dated April 9, 1953)
For: Three (3) Cylinders of Oxygen (244 Cu. Ft.)
Net Price _____$12.81
One (1) Cylinder of Acetylene (283 Cu. Ft.)
Net Price _____ 10.61

Cost _____ $23.42
O. E. _____ .47

Total Cost _____ $23.89

(4) Invoice No. 66445 (dated April 6, 1953)
For: Ten (10) Cylinders of Oxygen (medical) @ $4.27;
Net Price _____$42.70
O. E. _____ .86

Total Cost _____ $43.56

(5) Invoice No. 66324 (dated April 1, 1953)
For: One (1) Harris Cutting Tip (for torch), Style No.
6290. Net Price_____$ 3.00
O. E. _____ .06
_____
Total Cost _____$ 3.06

(6) Invoice No. 63259 (dated January 30, 1953)
For: Repair two (2) rear wheels for John Deere Tractor—
Net Price _____$42.80

(7) Invoice No. 60190 (dated November 28, 1952)
For: One (1) Pound Marvel Flux. Net Price_____$ 1.00
Ten (10) pounds ⅛" No. 20 Bronze. Net Price_____ 9.40
_____
Cost _____$10.40
O. E. _____ .21
_____
Total Cost _____$10.61

(8) Invoice No. 57742 (dated October 15, 1952)
For: Cut door and make door frame and chute for gar-
bage truck _____$85.40

(9) Invoice No. 57947 (dated October 17, 1952)
For: One Cylinder Med. Oxygen. Net Price_____$ 5.03
O. E. _____ .10
_____
Total Cost _____$ 5.13

(10) Invoice No. 57496 (dated October 11, 1952)
For: Weldauger for tractor hole digger. Net Price_____$ 3.50

(11) Invoice No. 51662 (dated June 3, 1952)
For: Seat for Harris Cultivator Attachment. Price_____$ .75

(12) Invoice No. 51670 (dated June 3, 1952)
For: Twenty-five pounds (25) 90A 1/16" Electrodes.
Net Price _____$ 8.13
O. E. _____ .17
_____
Total Cost _____$ 8.30

(13) Invoice No. 35675 (dated June 20, 1952)
For: One (1) Running Gear, Part No. 1384-1719.
Net Price _____$15.00
O. E. _____ .30
_____
Total Cost _____$15.30

(14) Invoice No. 49417 (dated April 18, 1952)
For: One (1) Cylinder Med. Oxygen. Net Price_____$ 5.03
O. E. _____ .10
_____
Total Cost _____$ 5.13

The above invoices were sent to the Kankakee State Hospital on or about October 28, 1953. At that time they could not be reconciled with the available business office records, and were returned to claimant with a letter to the effect that no record of the transactions could be located; and, further, that the charges set forth in the invoices applied to funds of a previous biennium, which had lapsed, and for that reason could not be handled in the regular manner.

It appears from the Departmental and Supplemental Departmental Reports that the materials and services rendered by claimant, as set forth in said invoices, have been received by respondent, with the exception of invoices Nos. 11, 12 and 13, which have not been verified by respondent.

A stipulation, signed by claimant and respondent, has been filed stating that the Departmental and Supplemental Departmental Reports of the Department of Public Welfare, signed by Otto L. Bettag, M. D., Director, and Cleve C. Odem, M. D., Superintendent, Kankakee State Hospital, heretofore filed with this Court, shall constitute the record in this case, and that the Court may proceed to dispose of the case upon such record without the filing of briefs or oral argument.

A motion requesting leave to dispense with the filing of briefs and arguments was allowed by the Court.

It appears from the Departmental Report that, at the time of the lapse of the 67th biennial appropriations, there were sufficient funds remaining to have covered the cost of the materials and services set forth in the above invoices.

Claimant in his complaint called the Court's attention to the fact that a set-off exists in favor of respondent in the amount of $13.50 by reason of previous dupli-

cate payments. Respondent in its Departmental Report verifies the duplicate payments in that amount.

Respondent further contends in its Departmental Report, that the amounts set forth in the invoices for retailers' occupational tax should not be included in any amount awarded claimant, since the State of Illinois is not subject to such tax. We agree with this contention of respondent.

We note that the complaint in this case was filed on September 7, 1954, and that the invoices above designated, Nos. 11, 12, 13 and 14, are dated prior to September 7, 1952, and, therefore, are barred by Section 22 of the Court of Claims Law, which provides as follows:

"Every claim cognizable by the Court, and not otherwise sooner barred by law, shall be forever barred from prosecution therein unless it is filed with the Clerk of the Court within two years after it first accrues."

We, therefore, cannot allow any recovery for the items in these invoices.

It appears from the record that the other invoices above set forth represent just and unpaid debts due and payable to claimant by the State of Illinois. The amount of these invoices totals $267.11. The amount to be deducted, as represented by the various charges for retailers occupational tax on said invoices, is $2.66, and the set-off by reason of previous duplicate payments in the amount of $13.50 is also to be deducted. This leaves a total of $250.95 due and owing claimant by respondent, and an award in that amount is hereby ordered.